1 │ Matthew T. Ward (Bar No. 180016)
    │ mward@archernorris.com
2 │ Andreas Wokutch (Bar No. 280294)
    │ awokutch@archernorris.com
3 │ Rassa Ahmadi (Bar No. 287576
    │ rahmadi@archernorris.com
4 │ ARCHER NORRIS
    │ 4695 MacArthur Court, Suite 350
5 │ Newport Beach, CA 92660-8816
    │ Telephone: 949.975.8200
6 │ Facsimile: 949.975.8210

FILED

2013 SEP -6 PM 2:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

7 │ Attorneys for Plaintiffs RICHARD M. HUGHES,
8 │ JAMES K. LUST, RICHARD COOK, MARY D.
    │ COOK

9 │            **UNITED STATES DISTRICT COURT**

10 │   **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

11 │

**ED CV 13 - 01605 JGB SPx**

12 │ RICHARD M. HUGHES, JAMES K.          Case No.
13 │ LUST, RICHARD COOK, MARY D.
     │ COOK,                                **COMPLAINT FOR DAMAGES**
14 │            Plaintiffs,                **1. Fraud- Intentional**
                                            **   Misrepresentation**
15 │      v.
                                           **2. Fraud- Suppression of Fact**
16 │ ED PENDLETON, an individual;
17 │ BEVERLY PENDLETON, an                 **3. Financial Elder Abuse**
     │ individual; and DOES 1 through 50,
18 │                                       **4. Breach of Fiduciary Duty**
     │            Defendants.
19 │
20 │                                       DEMAND FOR JURY TRIAL
21 │
22 │      COMES NOW Plaintiffs, RICHARD M. HUGHES, JAMES K. LUST,
23 │ RICHARD COOK, and MARY D. COOK, who complain and allege as follows:
24 │                              **PARTIES**
25 │      1.    At all times mentioned, RICHARD M. HUGHES was a citizen of the
26 │ State of California.
27 │      2.    At all times mentioned, RICHARD COOK was a citizen of the State of
28 │ California.

H0301001/1656257-1

3.   At all times mentioned, MARY D. COOK was a citizen of the State of California.

4.   At all times mentioned, JAMES K. LUST was a citizen of the State of South Dakota, who also at all relevant times resided from time to time in the State of California and was over the age of 65 at all relevant times in this action.

5.   PLAINTIFFS are informed, believe and thereon allege that Defendant, ED PENDLETON is, and at all relevant times herein, was a citizen of the State of Colorado.

6.   PLAINTIFFS are informed, believe and thereon allege that Defendant, BEVERLY PENDLETON is, and at all relevant times herein, was a citizen of the State of Colorado.

7.   PLAINTIFFS are ignorant of the true names and capacities of Defendants sued herein as DOES 1-50, inclusive, and therefore sue them by the foregoing names which are fictitious.  PLAINTIFFS are informed and believe, and thereon allege, that at all times herein mentioned, Defendants DOES 1-50 are, and at all times relevant in this Complaint were individuals and/or business entities of unknown type, are in some manner responsible for PLAINTIFFS' damages as alleged herein.  PLAINTIFFS will amend this Complaint to allege their true names and capacities when said information is ascertained.

## JURISDICTION AND VENUE

8.   This matter is based on diversity jurisdiction pursuant to 28 U.S.C §1332, in that this is a civil action between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. PLAINTIFFS Richard M. Hughes, Richard Cook and Mary Cook are citizens of the State of California.  PLAINTIFF James K. Lust is a citizen of the State of South Dakota.  PLAINTIFFS are informed and believe and on that basis allege that Defendants Ed Pendleton and Beverly Pendleton are citizens of the State of Colorado.

1    9.    Venue is proper in this court pursuant to 28 U.S.C. §1391 because the

2    acts and omissions of defendants complained of herein occurred within the

3    boundaries of this district.

4    **NATURE OF THE ACTION**

5    10.    PLAINTIFFS are informed and believe and on that basis allege that at

6    all relevant time herein, defendants Ed Pendleton and Beverly Pendleton owned

7    real property located in Indian Wells, Riverside County California; that said

8    property was located in the Indian Wells Country Club and that these defendants

9    were members of the Indian Wells Country Club.

10    11.    PLAINTIFFS are informed and believe and on that basis allege that at

11    all relevant time herein, beginning in or about 2003 and continuing, defendants Ed

12    Pendleton and Beverly Pendleton used their golf and social membership at the

13    Indian Wells Country Club to establish and facilitate social relationships with each

14    of the PLAINTIFFS, wherein they gained the trust and confidence of each of the

15    PLAINTIFFS.

16    12.    PLAINTIFFS are informed and believe and on that basis allege that Ed

17    Pendleton and Beverly Pendleton used their acquired social relationship and trusted

18    friendship with each of the PLAINTIFFS to solicit money from each of them under

19    the guise of an investment in an oil and gas exploration project.  All of the

20    solicitations by Defendants, and each of them, took place in Riverside County,

21    State of California.

22    13.    PLAINTIFFS are informed and believe and on that basis allege that Ed

23    Pendleton stated to each PLAINTIFF at different times that he did not want any of

24    his investors to know one another, because if it they became known to each other it

25    would be discussed and other people would want to be involved with the

26    "opportunity".

27    14.    PLAINTIFFS are informed and believe and on that basis allege that Ed

28    Pendleton told each PLAINTIFF at different times that he had considerable

1   experience in oil and gas exploration and development, including the drilling,

2   completion and operation of oil and gas wells, and that he was a second generation

3   "oil man" and was known to his friends as "Fast Eddie" or "Big Oil".

4        15.    PLAINTIFFS are informed and believe and on that basis allege that

5   Defendants told each PLAINTIFF at different times that Ed Pendleton and his two

6   sons, Louis ("Lou") Pendleton and Edmund Alan ("Al") Pendleton, were involved

7   in a successful oil and gas exploration and development operation in Oklahoma,

8   and that he and/or his sons Lou and Al Pendleton had a long standing relationship

9   with the project operator.

10        16.    PLAINTIFFS are informed and believe and on that basis allege that

11   Defendants stated to each PLAINTIFF at different times that Lou and Al Pendleton

12   also had significant experience in the oil and gas well drilling industry, including

13   significant experience drilling, completing and operating oil and gas wells in central

14   Oklahoma.

15        17.    PLAINTIFFS are informed and believe and on that basis allege that Ed

16   Pendleton stated to each PLAINTIFF at different times that he and his sons, Lou

17   and Al Pendleton, were in possession of 3D seismic surveys of a certain tract of

18   land located in Oklahoma, which Ed Pendleton referred to at different times as a

19   "honey of a prospect" and/or "the big one".

20        18.    PLAINTIFFS are informed and believe and on that basis allege that Ed

21   Pendleton stated to each PLAINTIFF at different times that they would make a lot

22   of money if they invested in "his" operation.

23        19.    PLAINTIFFS are informed and believe and on that basis allege that

24   Defendants, and each of them, stated to each PLAINTIFF at different times that he

25   and his sons, Lou and Al Pendleton, had their own money invested in the oil

26   exploration project for which they were soliciting money from PLAINTIFFS.

27        20.    PLAINTIFFS are informed and believe and on that basis allege that Ed

28   Pendleton stated that he only invited the PLAINTIFFS to invest because the drilling

1    and production was moving so fast that he and his sons, Lou and Al Pendleton,
2    needed additional cash to keep up with the drilling and completion costs associated
3    with their interests.

4         21.    PLAINTIFFS are informed and believe and on that basis allege that Ed
5    Pendleton stated to each PLAINTIFF at different times that he needed and wanted
6    investors to put their money in the prospect right alongside his money at the
7    beginning of the project.

8         22.    PLAINTIFFS are informed and believe and on that basis allege that
9    Defendants provided each PLAINTIFF at different times with spreadsheets of
10   projected returns on investment and represented that those spreadsheets were
11   predicated on oil and gas wells that the Defendants and Lou and Al Pendleton were
12   involved in.

13        23.    PLAINTIFFS are informed and believe and on that basis allege that Ed
14   Pendleton claimed that he and his sons, Lou and Al Pendleton, had a "significant"
15   history with the operator of the prospect, Bays Exploration, Inc. and its owner Joe
16   Bays.

17        24.    PLAINTIFFS are informed and believe and on that basis allege that
18   Defendants stated to each PLAINTIFF at different times that either he or his sons
19   Lou and Al Pendleton would be on-site monitoring operations on an ongoing basis
20   and for protection of PLAINTIFFS.

21        25.    Based upon the representations of Defendants, PLAINTIFFS delivered
22   a total of $3,680,000 to Defendants for capitalization and costs related to the oil
23   exploration project.

24        26.    PLAINTIFFS are informed and believe and on that basis allege that
25   Defendants' representations about the oil exploration business, PLAINTIFFS'
26   investments, and the use of PLAINTIFFS' monies, as described in this Complaint,
27   were false and/or Defendants concealed material facts from PLAINTIFFS, which
28   caused damages to PLAINTIFFS as herein alleged.

## FIRST CAUSE OF ACTION

### (Fraud-Intentional Misrepresentation)

### (By Richard M. Hughes Against All Defendants)

27.     PLAINTIFFS incorporate and re-allege, all previous paragraphs as if set forth in full herein.

28.     PLAINTIFF is informed and believes and on that basis alleges that in or about March, 2005 and continuing, Defendants falsely and fraudulently misrepresented the following facts to PLAINTIFF RICHARD HUGHES:

  a.     That Ed Pendleton, Lou Pendleton and Al Pendleton had experience in the oil and gas well industry, including experience in the drilling and completion of oil and gas wells located in central Oklahoma.

  b.     That Ed Pendleton, Lou Pendleton and Al Pendleton owned a transferrable interest in an oil exploration project(s) (the "Project").

  c.     That Ed Pendleton, Lou Pendleton and Al Pendleton had a long standing relationship with the project operator known as "Bays Exploration".

  d.     That Ed Pendleton, Lou Pendleton and Al Pendleton had their own money invested in the Project(s).

  e.     That Ed Pendleton, Lou Pendleton and Al Pendleton owned and had purchased the seismic studies which related to the Project(s), and had the means and resources necessary to interpret these seismic studies and to provide geological and geophysical analysis of these seismic studies on the PLAINTIFFS' behalf.

  f.     That Ed Pendleton, Lou Pendleton and Al Pendleton had the financial resources and administrative capability to competently manage the PLAINTIFFS' investment in the Project.

  g.     That Ed Pendleton, Lou Pendleton and Al Pendleton would be onsite on a regular basis to oversee operations at the Project(s) and for the protection of PLAINTIFF'S investment.

h.    That PLAINTIFF'S capital investment would be used for operations and costs relating to the Project(s) and not for any other purpose, including the personal use of Ed Pendleton, Lou Pendleton and/or Al Pendleton.

i.    That the written projected returns on PLAINTIFF'S investment provided by Defendants, were based on Defendants' other oil exploration projects and returns.

29.    PLAINTIFF is informed and believes and on that basis alleges that these representations were in fact false and Defendant knew them to be false at the time that they were made, and at all times herein mentioned.

30.    PLAINTIFF is informed and believes and on that basis alleges that the true facts were as follows:

a.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not have experience in the oil and gas well industry, and did not have experience in the drilling and completion of oil and gas wells located in central Oklahoma.

b.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not own a transferrable interest in the Project(s).

c.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not have a long standing relationship with the project operator.

d.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not have any of their own money invested in the Project(s).

e.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not own and had not purchased the seismic studies which related to the Project(s), and did not have the means and resources necessary to interpret these seismic studies and to provide geological and geophysical analysis of these seismic studies on the PLAINTIFFS' behalf.

f.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not have the financial resources and administrative capability to competently manage the PLAINTIFFS' investment in the Project.

1         g.     That Ed Pendleton, Lou Pendleton and Al Pendleton were not

2  onsite or going to be onsite on a regular basis to oversee operations at the

3  Project(s).

4         h.     That PLAINTIFF'S capital investment was not used for

5  legitimate operations and costs relating to Project(s) and in fact were used for other

6  purposes, including the personal use of Ed Pendleton, Lou Pendleton and/or Al

7  Pendleton.

8         i.     That the written projected returns on PLAINTIFF'S investment

9  provided by Defendants, were not based on prior performance of Defendants' other

10  oil exploration projects.

11      31.    PLAINTIFF is informed and believes and on that basis alleges that

12  when Defendants made these representations they knew them to be false, and the

13  representations were made by Defendants with the intent to defraud and deceive

14  PLAINTIFF and with the intent to induce Plaintiff to invest money into the

15  Project(s).

16      32.    PLAINTIFF is informed and believes and on that basis alleges that at

17  the time these representations were made by Defendants, PLAINTIFF was ignorant

18  of the falsity of Defendant's representations and believed them to be true.  In

19  reliance on Defendants' representations, PLAINTIFF was induced to and did

20  transfer and otherwise invest approximately $650,000 into the Project(s).

21      33.    Had PLAINTIFF known the true facts as set forth in paragraph 30

22  herein, PLAINTIFF would not have invested any money into the Project(s).

23  PLAINTIFF did not learn the true facts until in or about December, 2012 through

24  trial testimony of Defendants in a case entitled *Bays Exploration, Inc. vs. Pensa,*

25  *Inc.* in the United States District Court for the Western District of Oklahoma.

26      34.    PLAINTIFF is informed and believes and on that basis alleges that

27  PLAINTIFFS' reliance on Defendants' representations was justified because,

28  among other things, Defendants had continuously told PLAINTIFF of their

1    successes, of their solid relationship with the operator, of their returns on previous

2    oil exploration projects and expected returns, and that they had their own personal

3    funds in the Project(s) right along with PLAINTIFF'S investment.  PLAINTIFF

4    had no reason to disbelieve the representations by Defendants.

5         35.     As a direct and proximate result of the misrepresentations and on

6    PLAINTIFF'S reliance, PLAINTIFF has sustained and continues to sustain

7    damages in that PLAINTIFF was induced to transfer the sum of $650,000 to

8    Defendants, for which PLAINTIFF has received no return of principle, interest or

9    any profit, all to PLAINTIFF'S damage in an amount to be proven at time to trial.

10        36.     PLAINTIFF is informed and believes and on that basis further alleges

11    that Defendants' conduct constitutes malice, fraud and oppression as defined in

12    Civil Code section 3294, and PLAINTIFF should recover, in addition to actual

13    damages, exemplary and punitive damages to make an example of and to punish

14    Defendants.

15                   **SECOND CAUSE OF ACTION**

16            **(Fraud-Intentional Misrepresentation)**

17          **(By James K. Lust Against All Defendants)**

18        37.     PLAINTIFFS incorporate and re-allege, all previous paragraphs as if

19    set forth in full herein.

20        38.     PLAINTIFF is informed and believes and on that basis alleges that in

21    or about early 2003 and continuing, Defendants falsely and fraudulently

22    misrepresented that they had paid to acquire an interest in a project known as the

23    "Davis Filed Project" located in Garvin County Oklahoma.  Thereafter, in or about

24    October, 2006, Defendants falsely and fraudulently misrepresented the additional

25    following facts to PLAINTIFF JAMES K. LUST:

26        a.     That Ed Pendleton, Lou Pendleton and Al Pendleton had

27    experience in the oil and gas well industry, including experience in the drilling and

28    completion of oil and gas wells located in central Oklahoma.

1      b.      That Ed Pendleton, Lou Pendleton and Al Pendleton owned a

2   transferrable interest in an oil exploration project(s) (the "Project").

3      c.      That Ed Pendleton, Lou Pendleton and Al Pendleton had a long

4   standing relationship with the project operator known as "Bays Exploration".

5      d.      That Ed Pendleton, Lou Pendleton and Al Pendleton had their

6   own money invested in the Project(s).

7      e.      That Ed Pendleton, Lou Pendleton and Al Pendleton owned and

8   had purchased the seismic studies which related to the Project(s), and had the

9   means and resources necessary to interpret these seismic studies and to provide

10  geological and geophysical analysis of these seismic studies on the PLAINTIFFS'

11  behalf.

12     f.      That Ed Pendleton, Lou Pendleton and Al Pendleton had the

13  financial resources and administrative capability to competently manage the

14  PLAINTIFFS' investment in the Project.

15     g.      That Ed Pendleton, Lou Pendleton and Al Pendleton would be

16  onsite on a regular basis to oversee operations at the Project(s) and for the

17  protection of PLAINTIFF'S investment.

18     h.      That PLAINTIFF'S capital investment would be used for

19  operations and costs relating to the Project(s) and not for any other purpose,

20  including the personal use of Ed Pendleton, Lou Pendleton and/or Al Pendleton.

21     i.      That the written projected returns on PLAINTIFF'S investment

22  provided by Defendants, were based on Defendants' other oil exploration projects

23  and returns.

24  39.    PLAINTIFF is informed and believes and on that basis alleges that

25  these representations were in fact false and Defendant knew them to be false at the

26  time that they were made, and at all times herein mentioned.

27  40.    PLAINTIFF is informed and believes and on that basis alleges that the

28  true facts were as follows:

1          a.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

2  have experience in the oil and gas well industry, and did not have experience in the

3  drilling and completion of oil and gas wells located in central Oklahoma.

4          b.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

5  own a transferrable interest in the Project(s).

6          c.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

7  have a long standing relationship with the project operator.

8          d.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

9  have any of their own money invested in the Project(s).

10         e.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

11  own and had not purchased the seismic studies which related to the Project(s), and

12  did not have the means and resources necessary to interpret these seismic studies

13  and to provide geological and geophysical analysis of these seismic studies on the

14  PLAINTIFFS' behalf.

15         f.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

16  have the financial resources and administrative capability to competently manage

17  the PLAINTIFFS' investment in the Project.

18         g.     That Ed Pendleton, Lou Pendleton and Al Pendleton were not

19  onsite or going to be onsite on a regular basis to oversee operations at the

20  Project(s).

21         h.     That PLAINTIFF'S capital investment was not used for

22  legitimate operations and costs relating to Project(s) and in fact were used for other

23  purposes, including the personal use of Ed Pendleton, Lou Pendleton and/or Al

24  Pendleton.

25         i.     That the written projected returns on PLAINTIFF'S investment

26  provided by Defendants, were not based on prior performance of Defendants' other

27  oil exploration projects.

28  //

41.     PLAINTIFF is informed and believes and on that basis alleges that when Defendants made these representations they knew them to be false, and the representations were made by Defendants with the intent to defraud and deceive PLAINTIFF and with the intent to induce PLAINTIFF to invest money into the Project(s).

42.     PLAINTIFF is informed and believes and on that basis alleges that at the time these representations were made by Defendants, PLAINTIFF was ignorant of the falsity of Defendant's representations and believed them to be true.  In reliance on Defendants' representations, PLAINTIFF was induced to and did transfer and otherwise invest approximately $400,000 into the Davis Field Project and approximately $1,500,000 into other Projects.

43.     Had PLAINTIFF known the true fact as set forth in paragraph 40 herein, PLAINTIFF would not have invested any money into the Davis Field Project or the other Projects. PLAINTIFF did not learn the true facts until in or about December, 2012 through trial testimony of Defendants in a case entitled *Bays Exploration, Inc. vs. Pensa, Inc.* in the United States District Court for the Western District of Oklahoma.

44.     PLAINTIFF is informed and believes and on that basis alleges that PLAINTIFFS' reliance on Defendants' representations was justified because, among other things, Defendants had continuously told PLAINTIFF of their successes, of their solid relationship with the operator, of their returns on previous oil exploration projects and expected returns, and that they had their own personal funds in the Projects right along with PLAINTIFF'S investment.  PLAINTIFF had no reason to disbelieve the representations by Defendants.

45.     As a direct and proximate result of the misrepresentations and on PLAINTIFF'S reliance, PLAINTIFF has sustained and continues to sustain damages in that PLAINTIFF was induced to transfer the sum of $1,930,000 to Defendants, for which PLAINTIFF has received minimal return of principle,

1   interest or any profit, all to PLAINTIFF'S damage in an amount to be proven at

2   time to trial.

3       46.   PLAINTIFF is informed and believes and on that basis further alleges

4   that Defendants' conduct constitutes malice, fraud and oppression as defined in

5   Civil Code section 3294, and PLAINTIFF should recover, in addition to actual

6   damages, exemplary and punitive damages to make an example of and to punish

7   Defendants.

8                        **THIRD CAUSE OF ACTION**

9                     **(Fraud-Intentional Misrepresentation)**

10          **(By Richard Cook and Mary Cook Against All Defendants)**

11      47.   PLAINTIFFS incorporate and re-allege, all previous paragraphs as if

12  set forth in full herein.

13      48.   PLAINTIFFS are informed and believe and on that basis allege that in

14  or about March, 2005 and continuing, Defendants falsely and fraudulently

15  misrepresented the following facts to PLAINTIFFS RICHARD COOK and MARY

16  COOK:

17          a.    That Ed Pendleton, Lou Pendleton and Al Pendleton had

18  experience in the oil and gas well industry, including experience in the drilling and

19  completion of oil and gas wells located in central Oklahoma.

20          b.    That Ed Pendleton, Lou Pendleton and Al Pendleton owned a

21  transferrable interest in an oil exploration project(s) (the "Project").

22          c.    That Ed Pendleton, Lou Pendleton and Al Pendleton had a long

23  standing relationship with the project operator known as "Bays Exploration".

24          d.    That Ed Pendleton, Lou Pendleton and Al Pendleton had their

25  own money invested in the Project(s).

26          e.    That Ed Pendleton, Lou Pendleton and Al Pendleton owned and

27  had purchased the seismic studies which related to the Project(s), and had the

28  means and resources necessary to interpret these seismic studies and to provide

1  geological and geophysical analysis of these seismic studies on the PLAINTIFFS'
2  behalf.

3           f.      That Ed Pendleton, Lou Pendleton and Al Pendleton had the
4  financial resources and administrative capability to competently manage the
5  PLAINTIFFS' investment in the Project.

6           g.      That Ed Pendleton, Lou Pendleton and Al Pendleton would be
7  onsite on a regular basis to oversee operations at the Project(s) and for the
8  protection of PLAINTIFF'S investment.

9           h.      That PLAINTIFF'S capital investment would be used for
10  operations and costs relating to the Project(s) and not for any other purpose,
11  including the personal use of Ed Pendleton, Lou Pendleton and/or Al Pendleton.

12           i.      That the written projected returns on PLAINTIFF'S investment
13  provided by Defendants, were based on Defendants' other oil exploration projects
14  and returns.

15      49.   PLAINTIFFS are informed and believe and on that basis allege that
16  these representations were in fact false and Defendants knew them to be false at the
17  time that they were made, and at all times herein mentioned.

18      50.   PLAINTIFFS are informed and believe and on that basis allege that
19  the true facts were as follows:

20           a.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not
21  have experience in the oil and gas well industry, and did not have experience in the
22  drilling and completion of oil and gas wells located in central Oklahoma.

23           b.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not
24  own a transferrable interest in the Project(s).

25           c.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not
26  have a long standing relationship with the project operator.

27           d.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not
28  have any of their own money invested in the Project(s).

e.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not own and had not purchased the seismic studies which related to the Project(s), and did not have the means and resources necessary to interpret these seismic studies and to provide geological and geophysical analysis of these seismic studies on the PLAINTIFFS' behalf.

f.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not have the financial resources and administrative capability to competently manage the PLAINTIFFS' investment in the Project.

g.     That Ed Pendleton, Lou Pendleton and Al Pendleton were not onsite or going to be onsite on a regular basis to oversee operations at the Project(s).

h.     That PLAINTIFF'S capital investment was not used for legitimate operations and costs relating to Project(s) and in fact were used for other purposes, including the personal use of Ed Pendleton, Lou Pendleton and/or Al Pendleton.

i.     That the written projected returns on PLAINTIFF'S investment provided by Defendants, were not based on prior performance of Defendants' other oil exploration projects.

51.    PLAINTIFFS are informed and believe and on that basis allege that when Defendants made these representations they knew them to be false, and the representations were made by Defendants with the intent to defraud and deceive PLAINTIFFS and with the intent to induce PLAINTIFFS to invest money into the Project(s).

52.    PLAINTIFFS are informed and believe and on that basis allege that at the time these representations were made by Defendants, PLAINTIFFS were ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on Defendants' representations, PLAINTIFFS were induced to and did transfer and otherwise invest approximately $1,100,000 into the Project(s).

53.     Had PLAINTIFFS known the true fact as set forth in paragraph 50 herein, PLAINTIFFS would not have invested any money into the Project(s). PLAINTIFFS did not learn the true facts until in or about December, 2012 through trial testimony of Defendants in a case entitled *Bays Exploration, Inc. vs. Pensa, Inc.* in the United States District Court for the Western District of Oklahoma.

54.     PLAINTIFFS are informed and believe and on that basis allege that PLAINTIFFS' reliance on Defendants' representations was justified because, among other things, Defendants had continuously told PLAINTIFFS of their successes, of their solid relationship with the operator, of their returns on previous oil exploration projects and expected returns, and that they had their own personal funds in the Project right along with PLAINTIFFS' investment.  PLAINTIFFS had no reason to disbelieve the representations by Defendants.

55.     As a direct and proximate result of the misrepresentations and on PLAINTIFFS' reliance, PLAINTIFFS have sustained and continues to sustain damages in that PLAINTIFFS were induced to transfer the sum of $1,100,000 to Defendants, for which PLAINTIFFS have received no return of principle, interest or any profit, all to PLAINTIFFS' damage in an amount to be proven at time to trial.

56.     PLAINTIFFS are informed and believe and on that basis further allege that Defendants' conduct constitutes malice, fraud and oppression as defined in Civil Code section 3294, and PLAINTIFFS should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendants.

## FOURTH CAUSE OF ACTION

### (Fraud-Suppression of Fact)

### (By Richard M. Hughes Against All Defendants)

57.     PLAINTIFFS incorporate and re-allege, all previous paragraphs as if set forth in full herein.

58.    PLAINTIFF is informed and believes and on that basis alleges that in or about March, 2005 and continuing, Defendants concealed and suppressed the following facts from PLAINTIFF RICHARD M. HUGHES:

a.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not have experience in the oil and gas industry, and did not have experience in the drilling and completion of oil and gas wells located in central Oklahoma.

b.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not own any transferrable interest in the oil exploration projects ("Project") and in fact were contractually prohibited from transferring any of their interest in the Project(s).

c.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not have any prior relationship with the Project operator.

d.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not have any of their personal monies invested in the Projects for which they solicited investment from PLAINTIFF.

e.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not own, nor did they pay for the seismic studies that they subsequently cost billed PLAINTIFF for, nor did they have the means and resources necessary to interpret these seismic studies and to provide the geological and geophysical analysis that they subsequently cost billed PLAINTIFF for.

f.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not have the financial resources or administrative capability to competently manage the PLAINTIFF's investment in the Project.

59.    PLAINTIFF is informed and believes and on that basis alleges that these concealments and suppressions of fact herein alleged to have been made by Defendants were made with the intent to induce PLAINTIFF to invest the sum of $650,000 into the Project(s).

//

60.     PLAINTIFF is informed and believes and on that basis alleges that PLAINTIFF, at the time of these suppressions of fact, was ignorant of the suppressed facts.  PLAINTIFF did not learn of the suppressed facts until in or about December, 2012 through trial testimony of Defendants in a case entitled *Bays Exploration, Inc. vs. Pensa, Inc.* in the United States District Court for the Western District of Oklahoma.

61.     Had PLAINTIFF known the suppressed facts, PLAINTIFF would not have invested the money with Defendants.

62.     PLAINTIFF is informed and believes and on that basis alleges that without knowledge of the suppressed facts, and in reliance on Defendants' continuous statements to PLAINTIFF of their successes, of their solid relationship with the operator, of their returns on previous oil exploration projects and expected returns and of the fact that they had their own personal funds in the Projects right along with PLAINTIFF'S investment, PLAINTIFF had no reason to disbelieve the representations by Defendants.

63.     As a direct and proximate result of Defendants' concealment PLAINTIFF has sustained and continues to sustain damages in that PLAINTIFF was induced to transfer the sum of $650,000 to Defendants, for which PLAINTIFF has received no return of principle, interest or any profit, all to PLAINTIFF'S damage in an amount to be proven at time to trial.

64.     PLAINTIFF is informed and believes and on that basis further alleges that Defendants' conduct constitutes malice, fraud and oppression as defined in Civil Code section 3294, and PLAINTIFF should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendants.

//

//

//

## FIFTH CAUSE OF ACTION

### (Fraud-Suppression of Fact)

### (By James K. Lust Against All Defendants)

65.   PLAINTIFFS incorporate and re-allege, all previous paragraphs as if set forth in full herein.

66.   PLAINTIFF is informed and believes and on that basis alleges that in or about March, 2005 and continuing, Defendants concealed and suppressed the following facts from PLAINTIFF JAMES K. LUST:

   a.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not have experience in the oil and gas industry, and did not have experience in the drilling and completion of oil and gas wells located in central Oklahoma.

   b.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not own any transferrable interest in the oil exploration projects ("Project") and in fact were contractually prohibited from transferring any of their interest in the Project(s).

   c.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not have any prior relationship with the Project operator.

   d.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not have any of their personal monies invested in the Projects for which they solicited investment from PLAINTIFF.

   e.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not own, nor did they pay for the seismic studies that they subsequently cost billed PLAINTIFF for, nor did they have the means and resources necessary to interpret these seismic studies and to provide the geological and geophysical analysis that they subsequently cost billed PLAINTIFF for.

   f.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not have the financial resources or administrative capability to competently manage the PLAINTIFF's investment in the Project.

H0301001/1656257-1                                    19

67.     PLAINTIFF is informed and believes and on that basis alleges that these concealments and suppressions of fact herein alleged to have been made by Defendants were made with the intent to induce PLAINTIFF to invest the sum of $1,930,000 into the Project.

68.     PLAINTIFF is informed and believes and on that basis alleges that PLAINTIFF, at the time of these suppressions of fact, was ignorant of the suppressed facts.  PLAINTIFF did not learn of the suppressed facts until in or about December, 2012 through trial testimony of Defendants in a case entitled *Bays Exploration, Inc. vs. Pensa, Inc.* in the United States District Court for the Western District of Oklahoma.

69.     Had PLAINTIFF known the suppressed facts, PLAINTIFF would not have invested the money with Defendants.

70.     PLAINTIFF is informed and believes and on that basis alleges that without knowledge of the suppressed facts, and in reliance on Defendants' continuous statements to PLAINTIFF of their successes, of their solid relationship with the operator, of their returns on previous oil exploration projects and expected returns and of the fact that they had their own personal funds in the Projects right along with PLAINTIFF'S investment, PLAINTIFF had no reason to disbelieve the representations by Defendants.

71.     As a direct and proximate result of Defendants' concealment PLAINTIFF has sustained and continues to sustain damages in that PLAINTIFF was induced to transfer the sum of $1,930,000 to Defendants, for which PLAINTIFF has received no return of principle, interest or any profit, all to PLAINTIFF'S damage in an amount to be proven at time to trial.

72.     PLAINTIFF is informed and believes and on that basis further alleges that Defendants' conduct constitutes malice, fraud and oppression as defined in Civil Code section 3294, and PLAINTIFF should recover, in addition to actual

//

H0301001/1656257-1                                    20

1    damages, exemplary and punitive damages to make an example of and to punish

2    Defendants.

### SIXTH CAUSE OF ACTION

### (Fraud-Suppression of Fact)

### (By Richard Cook and Mary Cook Against All Defendants)

6    73.    PLAINTIFFS incorporate and re-allege, all previous paragraphs as if

7    set forth in full herein.

8    74.    PLAINTIFFS are informed and believe and on that basis allege that in

9    or about March, 2005 and continuing, Defendants concealed and suppressed the

10   following facts from PLAINTIFFS RICHARD COOK and MARY COOK:

11          a.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

12   have experience in the oil and gas industry, and did not have experience in the

13   drilling and completion of oil and gas wells located in central Oklahoma.

14          b.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

15   own any transferrable interest in the oil exploration projects ("Project") and in fact

16   were contractually prohibited from transferring any of their interest in the

17   Project(s).

18          c.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

19   have any prior relationship with the Project operator.

20          d.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

21   have any of their personal monies invested in the Projects for which they solicited

22   investment from PLAINTIFF.

23          e.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

24   own, nor did they pay for the seismic studies that they subsequently cost billed

25   PLAINTIFF for, nor did they have the means and resources necessary to interpret

26   these seismic studies and to provide the geological and geophysical analysis that

27   they subsequently cost billed PLAINTIFF for.

28   //

H0301001/1656257-1                           21

1     f.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

2  have the financial resources or administrative capability to competently manage the

3  PLAINTIFF's investment in the Project.

4     75.     PLAINTIFFS are informed and believe and on that basis allege that

5  these concealments and suppressions of fact herein alleged to have been made by

6  Defendants were made with the intent to induce PLAINTIFFS to invest the sum of

7  $1,100,000 into the Project(s).

8     76.     PLAINTIFFS are informed and believe and on that basis allege that

9  PLAINTIFFS, at the time of these suppressions of fact, were ignorant of the

10  suppressed facts.  PLAINTIFFS did not learn of the suppressed facts until in or

11  about December, 2012 through trial testimony of Defendants in a case entitled *Bays*

12  *Exploration, Inc. vs. Pensa, Inc.* in the United States District Court for the Western

13  District of Oklahoma

14     77.     Had PLAINTIFFS known the suppressed facts, PLAINTIFFS would

15  not have invested the money with Defendants.

16     78.     PLAINTIFFS are informed and believe and on that basis allege that

17  without knowledge of the suppressed facts, and in reliance on Defendants'

18  continuous statements to PLAINTIFFS of their successes, of their solid relationship

19  with the operator, of their returns on previous oil exploration projects and expected

20  returns and of the fact that they had their own personal funds in the Projects right

21  along with PLAINTIFFS' investment, PLAINTIFFS had no reason to disbelieve

22  the representations by Defendants.

23     79.     As a direct and proximate result of Defendants' concealment

24  PLAINTIFFS have sustained and continues to sustain damages in that

25  PLAINTIFFS were induced to transfer the sum of $1,100,000 to Defendants, for

26  which PLAINTIFFS have received no return of principle, interest or any profit, all

27  to PLAINTIFFS' damage in an amount to be proven at time to trial.

28  //

80.     PLAINTIFFS are informed and believe and on that basis further allege that Defendants' conduct constitutes malice, fraud and oppression as defined in Civil Code section 3294, and PLAINTIFFS should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendants.

## SEVENTH CAUSE OF ACTION

### (Financial Elder Abuse)

### (By James K. Lust Against All Defendants)

81.     PLAINTIFFS incorporate and re-allege, all previous paragraphs as if set forth in full herein.

82.     PLAINTIFF is informed and believes and on that basis alleges that at all relevant times, PLAINTIFF JAMES K. LUST was an elder as defined in California Welfare and Institutions Code §15610.27.

83.     PLAINTIFF is informed and believes and on that basis alleges that California Welfare and Institutions Code §15610.30 provides that Financial Elder Abuse occurs when a person or entity does any of the following:

"(1) takes, secrets, appropriates, obtains or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both."

84.     PLAINTIFF is informed and believes and on that basis alleges that Defendants, and each of them, obtained and retained the sum of $1,930,000 from PLAINTIFF JAMES K. LUST based on the intentional misrepresentations set forth in this Complaint, and based on suppression of facts as set forth in this Complaint.

//

//

85.    PLAINTIFF is informed and believes and on that basis alleges that Defendants, and each of them, obtain and retained these monies from PLAINTIFF for wrongful use and/or with the intent to defraud PLAINTIFF.

86.    PLAINTIFF is informed and believes and on that basis alleges that Defendants' conduct constitutes financial abuse under Welfare & Institutions Code § 15657.5 as defined in Welfare & Institutions Code § 15610.30.

87.    PLAINTIFF is informed and believes and on that basis alleges that Defendants are guilty of malice, oppression, fraud and recklessness in the commission of the above described abuse.

88.    PLAINTIFF is informed and believes and on that basis alleges that under Welfare & Institutions Code §§ 15657(a) and/or 156757.5(a), Defendants are liable to PLAINTIFF for reasonable attorney's fees and costs.

89.    PLAINTIFF is informed and believes and on that basis alleges that under Civil Code § 3294, Defendants are liable for punitive damages to PLAINTIFF, as Defendants' conduct was malicious, reckless and/or despicable conduct, which demonstrated a willful and conscious disregard of the rights and safety of others.

## EIGHTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

### (By All Plaintiffs Against All Defendants)

90.    PLAINTIFFS incorporate and re-allege, all previous paragraphs as if set forth in full herein.

91.    A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit of the other party.  Such relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation to the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to

1    the interest of the other party without the latter's knowledge or consent. *Wolf v.*

2    *Superior Court* (2003) 107 Cal.App.4th 25, 29.

3          92.    PLAINTIFFS are informed and believe and on that basis allege that

4    Defendants, and each of them, owed a fiduciary duty to PLAINTIFFS, and each of

5    them.

6          93.    PLAINTIFFS are informed and believe and on that basis allege that

7    Defendants, and each of them, breached the fiduciary duty to PLAINTIFFS as

8    follows:

9                 a.     Making the intentional misrepresentations as alleged in this

10   Complaint;

11                b.     Concealing true facts from PLAINTIFFS as alleged in this

12   Complaint;

13                c.     Converting and misappropriating PLAINTIFFS' monies as

14   alleged in this Complaint.

15         94.    PLAINTIFF is informed and believes and on that basis alleges that

16   PLAINTIFFS, and each of them have been damaged as a result of Defendants'

17   breach of fiduciary duty.

18         95.    Defendants' conduct was a substantial factor in causing PLAINTIFFS'

19   damages.

20                              **PRAYER**

21         WHEREFORE, PLAINTIFFS pray for judgment for each violation alleged in

22   this complaint against Defendants, and each of them, as follows:

23   **AS TO THE FIRST CAUSE OF ACTION**:

24         1.     For general damages in the sum of $650,000;

25         2.     For prejudgment interest on the sum of $650,000 from and after April

26                15, 2005;

27         3.     For exemplary and punitive damages according to proof at trial;

28

H0301001/1656257-1                              25

**AS TO THE SECOND CAUSE OF ACTION**:

    4.    For general damages in the sum of $1,930,000;

    5.    For prejudgment interest on the sum of $1,930,000 from and after April 15, 2005;

    6.    For exemplary and punitive damages according to proof at trial;

**AS TO THE THIRD CAUSE OF ACTION**:

    7.    For general damages in the sum of $1,100,000;

    8.    For prejudgment interest on the sum of $1,100,000 from and after April 15, 2005;

    9.    For exemplary and punitive damages according to proof at trial;

**AS TO THE FOURTH CAUSE OF ACTION**:

    10.    For general damages in the sum of $650,000;

    11.    For prejudgment interest on the sum of $650,000 from and after April 15, 2005;

    12.    For exemplary and punitive damages according to proof at trial;

**AS TO THE FIFTH CAUSE OF ACTION**:

    13.    For general damages in the sum of $1,930,000;

    14.    For prejudgment interest on the sum of $1,930,000 from and after April 15, 2005;

    15.    For exemplary and punitive damages according to proof at trial.

**AS TO THE SIXTH CAUSE OF ACTION**:

    16.    For general damages in the sum of $1,100,000;

    17.    For prejudgment interest on the sum of $1,100,000 from and after April 15, 2005;

    18.    For exemplary and punitive damages according to proof at trial.

**AS TO THE SEVENTH CAUSE OF ACTION**:

    19.    For compensatory damages according to proof at trial;

    20.    For double damages pursuant to Probate Code § 859;

21.   For reasonable attorney's fees and costs under Welfare & Institutions Code §§ 15657(a) and/or 156757.5(a);

22.   For punitive damages under Civil Code § 3294;

**AS TO THE EIGHTH CAUSE OF ACTION:**

23.   For compensatory damages according to proof at trial;

24.   For punitive damages under Civil Code § 3294;

**AS TO ALL CAUSES OF ACTION:**

25.   For costs of suit incurred herein;

26.   For prejudgment interest according to proof; and

27.   For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFFS hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:   September 5, 2013          ARCHER NORRIS

Matthew T. Ward
Attorneys for Plaintiffs
RICHARD M. HUGHES, JAMES K.
LUST, RICHARD M. COOK, MARY D.
COOK

H0301001/1656257-1                           27

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Jesus G. Bernal _____ and the assigned Magistrate Judge is _____ Sheri Pym _____ .

The case number on all documents filed with the Court should read as follows:

### EDCV13-01605 JGB (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

September 6, 2013

Date

By  L. Murray _____

Deputy Clerk

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☐ Southern Division | ☒ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )<br>Richard M. Hughes, James K. Lust, Richard Cook, Mary D. Cook | **DEFENDANTS** ( Check box if you are representing yourself ☐ )<br>Ed Pendleton, Beverly Pendleton |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Matthew T. Ward (Bar No. 180016)<br>Andreas S.V. Wotuch (Bar No. 280294)<br>ARCHER NORRIS<br>4695 MacArthur Court, Suite 350<br>Newport Beach, CA 92660 | **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi- District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fraud / Breach of Duty

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**

☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**

☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**

☒ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**

☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accomodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**

☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**

☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY: Case Number:**   ED CV 13 - 01605 JGB SPx

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

SEP - 6 2013

| | | |
|---|---|---|
| CV-71 (02/13) | CIVIL COVER SHEET | Page 1 of 2 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside, Los Angeles | South Dakota |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Colorado |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside |  |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: September 6, 2013

Matthew T. Ward

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com