FILED

1   Matthew T. Ward (Bar No. 180016)
    mward@archernorris.com
2   Andreas Wokutch (Bar No. 280294)
    awokutch@archernorris.com
3   Rassa Ahmadi (Bar No. 287576)
    rahmadi@archernorris.com
4   ARCHER NORRIS
    4695 MacArthur Court, Suite 350
5   Newport Beach, CA 92660-8816
    Telephone: 949.975.8200
6   Facsimile:  949.975.8210

7   William A. Johnson – Pro Hac Vice
    bjohnson@hartzoglaw.com
8   Matthew W. Brockman  -Pro Hac Vice
    mbrockman@hartzoglaw.com
9   HARTZOG CONGER CASON &NEVILLE
    1600 Bank of Oklahoma Plaza
10  201 Robert S. Kerr
    Oklahoma City, Oklahoma 73102
11  Telephone: 405.235.7000
    Facsimile:  405.996.3403
12
    Attorneys for Plaintiffs RICHARD M. HUGHES,
13  JAMES K. LUST, JAMES V. STEWART,
    RICHARD COOK and MARY D. COOK
14

15            UNITED STATES DISTRICT COURT

16   CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

17

| | |
|---|---|
| 18  RICHARD M. HUGHES, JAMES K. LUST, JAMES V. STEWART, 19  RICHARD COOK, MARY D. COOK, 20       Plaintiffs, 21       v. 22  ED PENDLETON, an individual; BEVERLY PENDLETON, an 23  individual; and DOES 1 through 50, 24       Defendants. 25 26 | Case No.  ED CV 13-01605-JGB-SPx **FIRST AMENDED COMPLAINT FOR DAMAGES** **1.  Fraud- Intentional Misrepresentation** **2.  Fraud- Suppression of Fact** **3.  Financial Elder Abuse** **4.  Breach of Fiduciary Duty** DEMAND FOR JURY TRIAL |

27

28

COMES NOW Plaintiffs, RICHARD M. HUGHES, JAMES K. LUST, JAMES V. STEWART, RICHARD COOK, and MARY D. COOK, who complain and allege as follows:

## PARTIES

1.      At all times mentioned, RICHARD M. HUGHES was a citizen of the State of California.

2.      At all times mentioned, RICHARD COOK was a citizen of the State of California.

3.      At all times mentioned, MARY D. COOK was a citizen of the State of California.

4.      At all times mentioned, JAMES K. LUST was a citizen of the State of South Dakota, who also at all relevant times resided from time to time in the State of California and was over the age of 65 at all relevant times in this action.

5.      At all times mentioned, JAMES V. STEWART was a citizen of the State of Washington.

6.      PLAINTIFFS are informed, believe and thereon allege that Defendant, ED PENDLETON is, and at all relevant times herein, was a citizen of the State of Colorado.

7.      PLAINTIFFS are informed, believe and thereon allege that Defendant, BEVERLY PENDLETON is, and at all relevant times herein, was a citizen of the State of Colorado.

8.      PLAINTIFFS are ignorant of the true names and capacities of Defendants sued herein as DOES 1-50, inclusive, and therefore sue them by the foregoing names which are fictitious.  PLAINTIFFS are informed and believe, and thereon allege, that at all times herein mentioned, Defendants DOES 1-50 are, and at all times relevant in this Complaint were individuals and/or business entities of unknown type, are in some manner responsible for PLAINTIFFS' damages as alleged herein.  PLAINTIFFS will amend this Complaint to allege their true names

1  and capacities when said information is ascertained.

2  ## JURISDICTION AND VENUE

3    9.    This matter is based on diversity jurisdiction pursuant to 28 U.S.C

4  §1332, in that this is a civil action between citizens of different states in which the

5  matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6  PLAINTIFFS Richard M. Hughes, Richard Cook and Mary Cook are citizens of the

7  State of California.  PLAINTIFF James K. Lust is a citizen of the State of South

8  Dakota.  PLAINTIFF James V. Stewart is a citizen of the State of Washington.

9  PLAINTIFFS are informed and believe and on that basis allege that Defendants Ed

10  Pendleton and Beverly Pendleton are citizens of the State of Colorado.

11    10.    Venue is proper in this court pursuant to 28 U.S.C. §1391 because the

12  acts and omissions of defendants complained of herein occurred within the

13  boundaries of this district.

14  ## NATURE OF THE ACTION

15    11.    PLAINTIFFS are informed and believe and on that basis allege that at

16  all relevant time herein, defendants Ed Pendleton and Beverly Pendleton owned

17  real property located in Indian Wells, Riverside County California; that said

18  property was located in the Indian Wells Country Club and that these defendants

19  were members of the Indian Wells Country Club.

20    12.    PLAINTIFFS are informed and believe and on that basis allege that at

21  all relevant time herein, beginning in or about 2003 and continuing, defendants Ed

22  Pendleton and as to Plaintiffs Hughes and Cooks, Beverly Pendleton, used their

23  golf and social membership at the Indian Wells Country Club to establish and

24  facilitate social relationships with each of the PLAINTIFFS, wherein they gained

25  the trust and confidence of each of the PLAINTIFFS.

26    13.    PLAINTIFFS are informed and believe and on that basis allege that Ed

27  Pendleton and as to Plaintiffs Hughes and Cooks, Beverly Pendleton, used their

28  acquired social relationship and trusted friendship with each of the PLAINTIFFS to

1   solicit money from each of them under the guise of an investment in an oil and gas

2   exploration project. All of the solicitations by Defendants, and each of them, took

3   place in Riverside County, State of California.

4        14.   PLAINTIFFS are informed and believe and on that basis allege that Ed

5   Pendleton stated to each PLAINTIFF at different times that he did not want any of

6   his investors to know one another, because if it they became known to each other it

7   would be discussed and other people would want to be involved with the

8   "opportunity".

9        15.   PLAINTIFFS are informed and believe and on that basis allege that Ed

10   Pendleton told each PLAINTIFF at different times that he had considerable

11   experience in oil and gas exploration and development, including the drilling,

12   completion and operation of oil and gas wells, and that he was a second generation

13   "oil man" and was known to his friends as "Fast Eddie" or "Big Oil".

14        16.   PLAINTIFFS are informed and believe and on that basis allege that

15   Defendant Ed Pendleton told each PLAINTIFF at different times, and Defendant

16   Beverly Pendleton told Plaintiffs Hughes and Cooks, that Ed Pendleton and his two

17   sons, Louis ("Lou") Pendleton and Edmund Alan ("Al") Pendleton, were involved

18   in a successful oil and gas exploration and development operation in Oklahoma,

19   and that he and/or his sons Lou and Al Pendleton had a long standing relationship

20   with the project operator.

21        17.   PLAINTIFFS are informed and believe and on that basis allege that

22   Defendants stated to each PLAINTIFF at different times, and Defendant Beverly

23   Pendleton told Plaintiffs Hughes and Cooks, that Lou and Al Pendleton also had

24   significant experience in the oil and gas well drilling industry, including significant

25   experience drilling, completing and operating oil and gas wells in central

26   Oklahoma.

27        18.   PLAINTIFFS are informed and believe and on that basis allege that Ed

28   Pendleton stated to each PLAINTIFF at different times that he and his sons, Lou

and Al Pendleton, were in possession of 3D seismic surveys of a certain tract of land located in Oklahoma, which Ed Pendleton referred to at different times as a "honey of a prospect" and/or "the big one".

19.   PLAINTIFFS are informed and believe and on that basis allege that Ed Pendleton stated to each PLAINTIFF at different times that they would make a lot of money if they invested in "his" operation.

20.   PLAINTIFFS are informed and believe and on that basis allege that Defendants, and each of them, stated to each PLAINTIFF at different times, and Defendant Beverly Pendleton told Plaintiffs Hughes and Cooks, that he and his sons, Lou and Al Pendleton, had their own money invested in the oil exploration project for which they were soliciting money from PLAINTIFFS.

21.   PLAINTIFFS are informed and believe and on that basis allege that Ed Pendleton stated that he only invited the PLAINTIFFS to invest because the drilling and production was moving so fast that he and his sons, Lou and Al Pendleton, needed additional cash to keep up with the drilling and completion costs associated with their interests.

22.   PLAINTIFFS are informed and believe and on that basis allege that Ed Pendleton stated to each PLAINTIFF at different times that he needed and wanted investors to put their money in the prospect right alongside his money at the beginning of the project.

23.   PLAINTIFFS are informed and believe and on that basis allege that Defendants provided each PLAINTIFF at different times, and Defendant Beverly Pendleton told Plaintiffs Hughes and Cooks, with spreadsheets of projected returns on investment and represented that those spreadsheets were predicated on oil and gas wells that the Defendants and Lou and Al Pendleton were involved in.

24.   Prior to investing monies with Defendants, PLAINTIFFS Richard and Mary Cook were invited by Defendants Ed and Beverly Pendleton to meet with them at the Indian Wells California home of Beverly and Ed Pendleton.  That

1    meeting was attended by Plaintiffs Mary and Richard Cook, defendants Beverly

2    and Ed Pendleton, and Al Pendleton.  During that meeting defendants Beverly and

3    Ed Pendleton presented colored charts and production data relative to the

4    defendants' solicitation of money from Plaintiffs Richard and Mary Cook for the oil

5    exploration project.  Defendants Ed Pendleton and Beverly Pendleton, as well as Al

6    Pendleton, were involved in the presentation and discussion of the charts and

7    production data including the discussions and associated representations relative to

8    the oil exploration project and potential profits from the proposed investment.

9         25.    Prior to investing monies with Defendants, PLAINTIFF Richard

10   Hughes was invited by Defendants Ed and Beverly Pendleton to meet with them for

11   lunch.  While at lunch, Defendants Ed Pendleton and Beverly Pendleton discussed

12   with Hughes the family oil business.  During the meeting defendant Beverly

13   Pendleton advised Hughes that her father was a great businessman and that her

14   husband Ed Pendleton had learned everything about the oil business from her

15   father.  Defendant Beverly Pendleton also stated to Plaintiff Hughes that Hughes

16   was "in good hands" relative to the proposed investment in the oil exploration

17   project and that the Pendletons work "real hard".  During a subsequent meeting at

18   the Indian Wells, California home of defendants Ed Pendleton and Beverly

19   Pendleton; Ed Pendleton, in the presence of defendant Beverly Pendleton, presented

20   Hughes with colored charts and production data relative to defendants' solicitation

21   of money from Plaintiff Hughes.  During that meeting Plaintiff Hughes asked

22   defendant Beverly Pendleton if she knew about the operation and she responded

23   "yes".

24        26.    In or about Spring 2008, Plaintiff Stewart was invited by Defendants

25   Ed Pendleton and Beverly Pendleton to attend a dinner meeting in Indian Wells,

26   California.  Plaintiff Richard Cook also attended this dinner meeting.  While at

27   dinner defendant Ed Pendleton stated that the Pendleton family was experienced in

28

1   the oil and gas exploration business and was three generations of oil and gas

2   exploration family.

3        27.   PLAINTIFFS are informed and believe and on that basis allege that Ed

4   Pendleton claimed that he and his sons, Lou and Al Pendleton, had a "significant"

5   history with the operator of the prospect, Bays Exploration, Inc. and its owner Joe

6   Bays.

7        28.   PLAINTIFFS are informed and believe and on that basis allege that

8   Defendants stated to each PLAINTIFF at different times, and Defendant Beverly

9   Pendleton told Plaintiffs Hughes and Cooks, that either he or his sons

10   Lou and Al Pendleton would be on-site monitoring operations on an ongoing basis

11   and for protection of PLAINTIFFS.

12        29.   Based upon the representations of Defendants, PLAINTIFFS

13   collectively delivered a total of $5,280,000 to Defendants for capitalization and

14   costs related to the oil exploration project.

15        30.   PLAINTIFFS are informed and believe and on that basis allege that

16   Defendants' representations about the oil exploration business, PLAINTIFFS'

17   investments, and the use of PLAINTIFFS' monies, as described in this Complaint,

18   were false and/or Defendants concealed material facts from PLAINTIFFS, which

19   caused damages to PLAINTIFFS as herein alleged.

20   **<ins>FIRST CAUSE OF ACTION</ins>**

21   **(Fraud-Intentional Misrepresentation)**

22   **(By Richard M. Hughes Against All Defendants)**

23        31.   PLAINTIFFS incorporate and re-allege, all previous paragraphs as if

24   set forth in full herein.

25        32.   PLAINTIFF is informed and believes and on that basis alleges that in

26   or about March, 2005 and continuing, Defendants falsely and fraudulently

27   misrepresented the following facts to PLAINTIFF RICHARD HUGHES:

28

a.      That Ed Pendleton, Lou Pendleton and Al Pendleton had experience in the oil and gas well industry, including experience in the drilling and completion of oil and gas wells located in central Oklahoma.

b.      That Ed Pendleton, Lou Pendleton and Al Pendleton owned a transferrable interest in an oil exploration project(s) (the "Project").

c.      That Ed Pendleton, Lou Pendleton and Al Pendleton had a long standing relationship with the project operator known as "Bays Exploration".

d.      That Ed Pendleton, Lou Pendleton and Al Pendleton had their own money invested in the Project(s).

e.      That Ed Pendleton, Lou Pendleton and Al Pendleton owned and had purchased the seismic studies which related to the Project(s), and had the means and resources necessary to interpret these seismic studies and to provide geological and geophysical analysis of these seismic studies on the PLAINTIFFS' behalf.

f.      That Ed Pendleton, Lou Pendleton and Al Pendleton had the financial resources and administrative capability to competently manage the PLAINTIFFS' investment in the Project.

g.      That Ed Pendleton, Lou Pendleton and Al Pendleton would be onsite on a regular basis to oversee operations at the Project(s) and for the protection of PLAINTIFF'S investment.

h.      That PLAINTIFF'S capital investment would be used for operations and costs relating to the Project(s) and not for any other purpose, including the personal use of Ed Pendleton, Lou Pendleton and/or Al Pendleton.

i.      That the written projected returns on PLAINTIFF'S investment provided by Defendants, were based on Defendants' other oil exploration projects and returns.

33.     PLAINTIFF is informed and believes and on that basis alleges that these representations were in fact false and Defendant knew them to be false at the

1  time that they were made, and at all times herein mentioned.

2      34.    PLAINTIFF is informed and believes and on that basis alleges that the

3  true facts were as follows:

4          a.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

5  have experience in the oil and gas well industry, and did not have experience in the

6  drilling and completion of oil and gas wells located in central Oklahoma.

7          b.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

8  own a transferrable interest in the Project(s).

9          c.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

10  have a long standing relationship with the project operator.

11          d.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

12  have any of their own money invested in the Project(s).

13          e.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

14  own and had not purchased the seismic studies which related to the Project(s), and

15  did not have the means and resources necessary to interpret these seismic studies

16  and to provide geological and geophysical analysis of these seismic studies on the

17  PLAINTIFFS' behalf.

18          f.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

19  have the financial resources and administrative capability to competently manage

20  the PLAINTIFFS' investment in the Project.

21          g.    That Ed Pendleton, Lou Pendleton and Al Pendleton were not

22  onsite or going to be onsite on a regular basis to oversee operations at the

23  Project(s).

24          h.    That PLAINTIFF'S capital investment was not used for

25  legitimate operations and costs relating to Project(s) and in fact were used for other

26  purposes, including the personal use of Ed Pendleton, Lou Pendleton and/or Al

27  Pendleton.

28

i. That the written projected returns on PLAINTIFF'S investment provided by Defendants, were not based on prior performance of Defendants' other oil exploration projects.

35. PLAINTIFF is informed and believes and on that basis alleges that when Defendants made these representations they knew them to be false, and the representations were made by Defendants with the intent to defraud and deceive PLAINTIFF and with the intent to induce Plaintiff to invest money into the Project(s).

36. PLAINTIFF is informed and believes and on that basis alleges that at the time these representations were made by Defendants, PLAINTIFF was ignorant of the falsity of Defendant's representations and believed them to be true. In reliance on Defendants' representations, PLAINTIFF was induced to and did transfer and otherwise invest approximately $650,000 into the Project(s).

37. Had PLAINTIFF known the true facts as set forth in paragraph 34 herein, PLAINTIFF would not have invested any money into the Project(s). PLAINTIFF did not know the true facts until in or about December 2011 and continuing into January 2013 through the trial testimony and other communications and court rulings in connection with a case entitled Bays Exploration, Inc. vs. Pensa, Inc. in the United States District Court for the Western District of Oklahoma. Defendant Ed Pendleton and Lou and Al Pendleton continued to re-affirm the misrepresented facts until in or about the start of the trial in December, 2011. Therefore, Plaintiff could not have earlier discovered the true facts.

38. PLAINTIFF is informed and believes and on that basis alleges that PLAINTIFFS' reliance on Defendants' representations was justified because, among other things, Defendants had continuously told PLAINTIFF of their successes, of their solid relationship with the operator, of their returns on previous oil exploration projects and expected returns, and that they had their own personal funds in the Project(s) right along with PLAINTIFF'S investment. PLAINTIFF

1  had no reason to disbelieve the representations by Defendants.

2      39.   As a direct and proximate result of the misrepresentations and on

3  PLAINTIFF'S reliance, PLAINTIFF has sustained and continues to sustain

4  damages in that PLAINTIFF was induced to transfer the sum of $650,000 to

5  Defendants, for which PLAINTIFF has received no return of principle, interest or

6  any profit, all to PLAINTIFF'S damage in an amount to be proven at time to trial.

7      40.   PLAINTIFF is informed and believes and on that basis further alleges

8  that Defendants' conduct constitutes malice, fraud and oppression as defined in

9  Civil Code section 3294, and PLAINTIFF should recover, in addition to actual

10  damages, exemplary and punitive damages to make an example of and to punish

11  Defendants.

## SECOND CAUSE OF ACTION

### (Fraud-Intentional Misrepresentation)

### (By James K. Lust Against Defendant Ed Pendleton Only)

15      41.   PLAINTIFF incorporates and re-alleges, all previous paragraphs as if

16  set forth in full herein.

17      42.   PLAINTIFF is informed and believes and on that basis alleges that in

18  or about early 2003 and continuing, Defendant falsely and fraudulently

19  misrepresented that he had paid to acquire an interest in a project known as the

20  "Davis Field Project" located in Garvin County Oklahoma.  Thereafter, in or about

21  October, 2006, Defendant falsely and fraudulently misrepresented the additional

22  following facts to PLAINTIFF JAMES K. LUST:

23      a.   That Ed Pendleton, Lou Pendleton and Al Pendleton had

24  experience in the oil and gas well industry, including experience in the drilling and

25  completion of oil and gas wells located in central Oklahoma.

26      b.   That Ed Pendleton, Lou Pendleton and Al Pendleton owned a

27  transferrable interest in an oil exploration project(s) (the "Project").

c.     That Ed Pendleton, Lou Pendleton and Al Pendleton had a long standing relationship with the project operator known as "Bays Exploration".

d.     That Ed Pendleton, Lou Pendleton and Al Pendleton had their own money invested in the Project(s).

e.     That Ed Pendleton, Lou Pendleton and Al Pendleton owned and had purchased the seismic studies which related to the Project(s), and had the means and resources necessary to interpret these seismic studies and to provide geological and geophysical analysis of these seismic studies on the PLAINTIFFS' behalf.

f.     That Ed Pendleton, Lou Pendleton and Al Pendleton had the financial resources and administrative capability to competently manage the PLAINTIFFS' investment in the Project.

g.     That Ed Pendleton, Lou Pendleton and Al Pendleton would be onsite on a regular basis to oversee operations at the Project(s) and for the protection of PLAINTIFF'S investment.

h.     That PLAINTIFF'S capital investment would be used for operations and costs relating to the Project(s) and not for any other purpose, including the personal use of Ed Pendleton, Lou Pendleton and/or Al Pendleton.

i.     That the written projected returns on PLAINTIFF'S investment provided by Defendants, were based on Defendant's other oil exploration projects and returns.

43.     PLAINTIFF is informed and believes and on that basis alleges that these representations were in fact false and Defendant knew them to be false at the time that they were made, and at all times herein mentioned.

44.     PLAINTIFF is informed and believes and on that basis alleges that the true facts were as follows:

a.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not have experience in the oil and gas well industry, and did not have experience in the

1   drilling and completion of oil and gas wells located in central Oklahoma.

2         b.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

3   own a transferrable interest in the Project(s).

4         c.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

5   have a long standing relationship with the project operator.

6         d.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

7   have any of their own money invested in the Project(s).

8         e.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

9   own and had not purchased the seismic studies which related to the Project(s), and

10  did not have the means and resources necessary to interpret these seismic studies

11  and to provide geological and geophysical analysis of these seismic studies on the

12  PLAINTIFFS' behalf.

13        f.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

14  have the financial resources and administrative capability to competently manage

15  the PLAINTIFFS' investment in the Project.

16        g.    That Ed Pendleton, Lou Pendleton and Al Pendleton were not

17  onsite or going to be onsite on a regular basis to oversee operations at the

18  Project(s).

19        h.    That PLAINTIFF'S capital investment was not used for

20  legitimate operations and costs relating to Project(s) and in fact were used for other

21  purposes, including the personal use of Ed Pendleton, Lou Pendleton and/or Al

22  Pendleton.

23        i.    That the written projected returns on PLAINTIFF'S investment

24  provided by Defendants, were not based on prior performance of Defendants' other

25  oil exploration projects.

26        45.   PLAINTIFF is informed and believes and on that basis alleges that

27  when Defendant made these representations Defendant knew them to be false, and

28  the representations were made by Defendant with the intent to defraud and deceive

1  PLAINTIFF and with the intent to induce PLAINTIFF to invest money into the

2  Project(s).

3       46.    PLAINTIFF is informed and believes and on that basis alleges that at

4  the time these representations were made by Defendant, PLAINTIFF was ignorant

5  of the falsity of Defendant's representations and believed them to be true.  In

6  reliance on Defendant's representations, PLAINTIFF was induced to and did

7  transfer and otherwise invest approximately $400,000 into the Davis Field Project

8  and approximately $1,500,000 into other Projects.

9       47.    Had PLAINTIFF known the true fact as set forth in paragraph 44

10  herein, PLAINTIFF would not have invested any money into the Davis Field

11  Project or the other Projects.  PLAINTIFF did not know the true facts until in or

12  about December 2011 and continuing into January 2013 through the trial testimony

13  and other communications and court rulings in connection with a case entitled Bays

14  Exploration, Inc. vs. Pensa, Inc. in the United States District Court for the Western

15  District of Oklahoma.  Defendant Ed Pendleton and Lou and Al Pendleton

16  continued to re-affirm the misrepresented facts until in or about the start of the trial

17  in December, 2011. Therefore, Plaintiff could not have earlier discovered the true

18  facts.

19       48.    PLAINTIFF is informed and believes and on that basis alleges that

20  PLAINTIFFS' reliance on Defendant's representations was justified because,

21  among other things, Defendant had continuously told PLAINTIFF of Defendant's

22  successes, of his solid relationship with the operator, of his returns on previous oil

23  exploration projects and expected returns, and that Defendant had his own personal

24  funds in the Projects right along with PLAINTIFF'S investment.  PLAINTIFF had

25  no reason to disbelieve the representations by Defendant.

26       49.    As a direct and proximate result of the misrepresentations and on

27  PLAINTIFF'S reliance, PLAINTIFF has sustained and continues to sustain

28  damages in that PLAINTIFF was induced to transfer the sum of $1,930,000 to

1   Defendant, for which PLAINTIFF has received minimal return of principle, interest

2   or any profit, all to PLAINTIFF'S damage in an amount to be proven at time to

3   trial.

4        50.     PLAINTIFF is informed and believes and on that basis further alleges

5   that Defendant's conduct constitutes malice, fraud and oppression as defined in

6   Civil Code section 3294, and PLAINTIFF should recover, in addition to actual

7   damages, exemplary and punitive damages to make an example of and to punish

8   Defendant.

9                           **THIRD CAUSE OF ACTION**

10                     **(Fraud-Intentional Misrepresentation)**

11              **(By Richard Cook and Mary Cook Against All Defendants)**

12       51.     PLAINTIFFS incorporate and re-allege, all previous paragraphs as if

13   set forth in full herein.

14       52.     PLAINTIFFS are informed and believe and on that basis allege that in

15   or about March, 2005 and continuing, Defendants falsely and fraudulently

16   misrepresented the following facts to PLAINTIFFS RICHARD COOK and MARY

17   COOK:

18            a.     That Ed Pendleton, Lou Pendleton and Al Pendleton had

19   experience in the oil and gas well industry, including experience in the drilling and

20   completion of oil and gas wells located in central Oklahoma.

21            b.     That Ed Pendleton, Lou Pendleton and Al Pendleton owned a

22   transferrable interest in an oil exploration project(s) (the "Project").

23            c.     That Ed Pendleton, Lou Pendleton and Al Pendleton had a long

24   standing relationship with the project operator known as "Bays Exploration".

25            d.     That Ed Pendleton, Lou Pendleton and Al Pendleton had their

26   own money invested in the Project(s).

27            e.     That Ed Pendleton, Lou Pendleton and Al Pendleton owned and

28   had purchased the seismic studies which related to the Project(s), and had the

H0301001/1707832-1                         15                    FIRST AMENDED COMPLAINT
                                                                 ED-CV-13-01605-JGB-SP

1  means and resources necessary to interpret these seismic studies and to provide

2  geological and geophysical analysis of these seismic studies on the PLAINTIFFS'

3  behalf.

4         f.     That Ed Pendleton, Lou Pendleton and Al Pendleton had the

5  financial resources and administrative capability to competently manage the

6  PLAINTIFFS' investment in the Project.

7         g.     That Ed Pendleton, Lou Pendleton and Al Pendleton would be

8  onsite on a regular basis to oversee operations at the Project(s) and for the

9  protection of PLAINTIFF'S investment.

10         h.     That PLAINTIFF'S capital investment would be used for

11  operations and costs relating to the Project(s) and not for any other purpose,

12  including the personal use of Ed Pendleton, Lou Pendleton and/or Al Pendleton.

13         i.     That the written projected returns on PLAINTIFF'S investment

14  provided by Defendants, were based on Defendants' other oil exploration projects

15  and returns.

16      53.    PLAINTIFFS are informed and believe and on that basis allege that

17  these representations were in fact false and Defendants knew them to be false at the

18  time that they were made, and at all times herein mentioned.

19      54.    PLAINTIFFS are informed and believe and on that basis allege that

20  the true facts were as follows:

21         a.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

22  have experience in the oil and gas well industry, and did not have experience in the

23  drilling and completion of oil and gas wells located in central Oklahoma.

24         b.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

25  own a transferrable interest in the Project(s).

26         c.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

27  have a long standing relationship with the project operator.

28

1          d.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

2  have any of their own money invested in the Project(s).

3          e.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

4  own and had not purchased the seismic studies which related to the Project(s), and

5  did not have the means and resources necessary to interpret these seismic studies

6  and to provide geological and geophysical analysis of these seismic studies on the

7  PLAINTIFFS' behalf.

8          f.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not

9  have the financial resources and administrative capability to competently manage

10  the PLAINTIFFS' investment in the Project.

11          g.     That Ed Pendleton, Lou Pendleton and Al Pendleton were not

12  onsite or going to be onsite on a regular basis to oversee operations at the

13  Project(s).

14          h.     That PLAINTIFF'S capital investment was not used for

15  legitimate operations and costs relating to Project(s) and in fact were used for other

16  purposes, including the personal use of Ed Pendleton, Lou Pendleton and/or Al

17  Pendleton.

18          i.     That the written projected returns on PLAINTIFF'S investment

19  provided by Defendants, were not based on prior performance of Defendants' other

20  oil exploration projects.

21     55.    PLAINTIFFS are informed and believe and on that basis allege that

22  when Defendants made these representations they knew them to be false, and the

23  representations were made by Defendants with the intent to defraud and deceive

24  PLAINTIFFS and with the intent to induce PLAINTIFFS to invest money into the

25  Project(s).

26     56.    PLAINTIFFS are informed and believe and on that basis allege that at

27  the time these representations were made by Defendants, PLAINTIFFS were

28  ignorant of the falsity of Defendants' representations and believed them to be true.

In reliance on Defendants' representations, PLAINTIFFS were induced to and did transfer and otherwise invest approximately $1,300,000 into the Project(s).

57. Had PLAINTIFFS known the true fact as set forth in paragraph 54 herein, PLAINTIFFS would not have invested any money into the Project(s). PLAINTIFF did not know the true facts until in or about December 2011 and continuing into January 2013 through the trial testimony and other communications and court rulings in connection with a case entitled Bays Exploration, Inc. vs. Pensa, Inc. in the United States District Court for the Western District of Oklahoma. Defendant Ed Pendleton and Lou and Al Pendleton continued to re-affirm the misrepresented facts until in or about the start of the trial in December, 2011. Therefore, Plaintiff could not have earlier discovered the true facts.

58. PLAINTIFFS are informed and believe and on that basis allege that PLAINTIFFS' reliance on Defendants' representations was justified because, among other things, Defendants had continuously told PLAINTIFFS of their successes, of their solid relationship with the operator, of their returns on previous oil exploration projects and expected returns, and that they had their own personal funds in the Project right along with PLAINTIFFS' investment. PLAINTIFFS had no reason to disbelieve the representations by Defendants.

59. As a direct and proximate result of the misrepresentations and on PLAINTIFFS' reliance, PLAINTIFFS have sustained and continues to sustain damages in that PLAINTIFFS were induced to transfer the sum of $1,300,000 to Defendants, for which PLAINTIFFS have received no return of principle, interest or any profit, all to PLAINTIFFS' damage in an amount to be proven at time to trial.

60. PLAINTIFFS are informed and believe and on that basis further allege that Defendants' conduct constitutes malice, fraud and oppression as defined in Civil Code section 3294, and PLAINTIFFS should recover, in addition to actual

1   damages, exemplary and punitive damages to make an example of and to punish

2   Defendants.

## FOURTH CAUSE OF ACTION

### (Fraud-Suppression of Fact)

### (By Richard M. Hughes Against All Defendants)

6        61.   PLAINTIFFS incorporate and re-allege, all previous paragraphs as if

7   set forth in full herein.

8        62.   PLAINTIFF is informed and believes and on that basis alleges that in

9   or about March, 2005 and continuing, Defendants concealed and suppressed the

10  following facts from PLAINTIFF RICHARD M. HUGHES:

11       a.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not

12  have experience in the oil and gas industry, and did not have experience in the

13  drilling and completion of oil and gas wells located in central Oklahoma.

14       b.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not

15  own any transferrable interest in the oil exploration projects ("Project") and in fact

16  were contractually prohibited from transferring any of their interest in the

17  Project(s).

18       c.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not

19  have any prior relationship with the Project operator.

20       d.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not

21  have any of their personal monies invested in the Projects for which they solicited

22  investment from PLAINTIFF.

23       e.   That Ed Pendleton, Lou Pendleton and Al Pendleton did not

24  own, nor did they pay for the seismic studies that they subsequently cost billed

25  PLAINTIFF for, nor did they have the means and resources necessary to interpret

26  these seismic studies and to provide the geological and geophysical analysis that

27  they subsequently cost billed PLAINTIFF for.

28

f.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not have the financial resources or administrative capability to competently manage the PLAINTIFF's investment in the Project.

63.      PLAINTIFF is informed and believes and on that basis alleges that these concealments and suppressions of fact herein alleged to have been made by Defendants were made with the intent to induce PLAINTIFF to invest the sum of $650,000 into the Project(s).

64.      PLAINTIFF is informed and believes and on that basis alleges that PLAINTIFF, at the time of these suppressions and concealment of fact, was ignorant of the suppressed facts.  PLAINTIFF did not learn the concealed facts until in or about December 2011 and continuing into January 2013 through the trial testimony and other communications and court rulings in connection with a case entitled Bays Exploration, Inc. vs. Pensa, Inc. in the United States District Court for the Western District of Oklahoma.  Defendant Ed Pendleton and Lou and Al Pendleton continued to re-affirm the misrepresented facts until in or about the start of the trial in December, 2011. Therefore, Plaintiff could not have earlier discovered the concealed facts.

65.      Had PLAINTIFF known the suppressed facts, PLAINTIFF would not have invested the money with Defendants.

66.      PLAINTIFF is informed and believes and on that basis alleges that without knowledge of the suppressed facts, and in reliance on Defendants' continuous statements to PLAINTIFF of their successes, of their solid relationship with the operator, of their returns on previous oil exploration projects and expected returns and of the fact that they had their own personal funds in the Projects right along with PLAINTIFF'S investment, PLAINTIFF had no reason to disbelieve the representations by Defendants.

67.      As a direct and proximate result of Defendants' concealment PLAINTIFF has sustained and continues to sustain damages in that PLAINTIFF

1   was induced to transfer the sum of $650,000 to Defendants, for which PLAINTIFF

2   has received no return of principle, interest or any profit, all to PLAINTIFF'S

3   damage in an amount to be proven at time to trial.

4         68.    PLAINTIFF is informed and believes and on that basis further alleges

5   that Defendants' conduct constitutes malice, fraud and oppression as defined in

6   Civil Code section 3294, and PLAINTIFF should recover, in addition to actual

7   damages, exemplary and punitive damages to make an example of and to punish

8   Defendants.

9   **FIFTH CAUSE OF ACTION**

10   **(Fraud-Suppression of Fact)**

11   **(By James K. Lust Against Defendant Ed Pendleton Only)**

12         69.    PLAINTIFF incorporates and re-alleges, all previous paragraphs as if

13   set forth in full herein.

14         70.    PLAINTIFF is informed and believes and on that basis alleges that in

15   or about March, 2005 and continuing, Defendant concealed and suppressed the

16   following facts from PLAINTIFF JAMES K. LUST:

17         a.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

18   have experience in the oil and gas industry, and did not have experience in the

19   drilling and completion of oil and gas wells located in central Oklahoma.

20         b.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

21   own any transferrable interest in the oil exploration projects ("Project") and in fact

22   were contractually prohibited from transferring any of their interest in the

23   Project(s).

24         c.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

25   have any prior relationship with the Project operator.

26         d.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

27   have any of their personal monies invested in the Projects for which they solicited

28   investment from PLAINTIFF.

e.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not own, nor did they pay for the seismic studies that they subsequently cost billed PLAINTIFF for, nor did they have the means and resources necessary to interpret these seismic studies and to provide the geological and geophysical analysis that they subsequently cost billed PLAINTIFF for.

f.     That Ed Pendleton, Lou Pendleton and Al Pendleton did not have the financial resources or administrative capability to competently manage the PLAINTIFF's investment in the Project.

71.    PLAINTIFF is informed and believes and on that basis alleges that these concealments and suppressions of fact herein alleged to have been made by Defendant were made with the intent to induce PLAINTIFF to invest the sum of $1,930,000 into the Project.

72.    PLAINTIFF is informed and believes and on that basis alleges that PLAINTIFF, at the time of these suppressions and concealment of fact, was ignorant of the suppressed facts.  PLAINTIFF did not learn the concealed facts until in or about December 2011 and continuing into January 2013 through the trial testimony and other communications and court rulings in connection with a case entitled Bays Exploration, Inc. vs. Pensa, Inc. in the United States District Court for the Western District of Oklahoma.  Defendant Ed Pendleton and Lou and Al Pendleton continued to re-affirm the misrepresented facts until in or about the start of the trial in December, 2011. Therefore, Plaintiff could not have earlier discovered the concealed facts.

73.    Had PLAINTIFF known the suppressed facts, PLAINTIFF would not have invested the money with Defendant.

74.    PLAINTIFF is informed and believes and on that basis alleges that without knowledge of the suppressed facts, and in reliance on Defendant's continuous statements to PLAINTIFF of their successes, of their solid relationship with the operator, of their returns on previous oil exploration projects and expected

1 returns and of the fact that they had their own personal funds in the Projects right

2 along with PLAINTIFF'S investment, PLAINTIFF had no reason to disbelieve the

3 representations by Defendant.

4     75.    As a direct and proximate result of Defendant's concealment

5 PLAINTIFF has sustained and continues to sustain damages in that PLAINTIFF

6 was induced to transfer the sum of $1,930,000 to Defendant, for which PLAINTIFF

7 has received no return of principle, interest or any profit, all to PLAINTIFF'S

8 damage in an amount to be proven at time to trial.

9     76.    PLAINTIFF is informed and believes and on that basis further alleges

10 that Defendant's conduct constitutes malice, fraud and oppression as defined in

11 Civil Code section 3294, and PLAINTIFF should recover, in addition to actual

12 damages, exemplary and punitive damages to make an example of and to punish

13 Defendant.

14 **<u>SIXTH CAUSE OF ACTION</u>**

15 **(Fraud-Suppression of Fact)**

16 **(By James V. Stewart Against Defendant Ed Pendleton Only)**

17     77.    PLAINTIFF incorporates and re-alleges, all previous paragraphs as if

18 set forth in full herein.

19     78.    PLAINTIFF is informed and believes and on that basis alleges that in

20 or about March, 2005 and continuing, Defendant concealed and suppressed the

21 following facts from PLAINTIFF JAMES V. STEWART:

22       a.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

23 have experience in the oil and gas industry, and did not have experience in the

24 drilling and completion of oil and gas wells located in central Oklahoma.

25       b.    That Ed Pendleton, Lou Pendleton and Al Pendleton did not

26 own any transferrable interest in the oil exploration projects ("Project") and in fact

27 were contractually prohibited from transferring any of their interest in the

28 Project(s).

1         c.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not

2 have any prior relationship with the Project operator.

3         d.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not

4 have any of their personal monies invested in the Projects for which they solicited

5 investment from PLAINTIFF.

6         e.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not

7 own, nor did they pay for the seismic studies that they subsequently cost billed

8 PLAINTIFF for, nor did they have the means and resources necessary to interpret

9 these seismic studies and to provide the geological and geophysical analysis that

10 they subsequently cost billed PLAINTIFF for.

11         f.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not

12 have the financial resources or administrative capability to competently manage the

13 PLAINTIFF's investment in the Project.

14    79.     PLAINTIFF is informed and believes and on that basis alleges that

15 these concealments and suppressions of fact herein alleged to have been made by

16 Defendant were made with the intent to induce PLAINTIFF to invest the sum of

17 $1,400,000 into the Project.

18    80.     PLAINTIFF is informed and believes and on that basis alleges that

19 PLAINTIFF, at the time of these suppressions and concealment of fact, was

20 ignorant of the suppressed facts.  PLAINTIFF did not learn the concealed facts until

21 in or about December 2011 and continuing into January 2013 through the trial

22 testimony and other communications and court rulings in connection with a case

23 entitled Bays Exploration, Inc. vs. Pensa, Inc. in the United States District Court for

24 the Western District of Oklahoma.  Defendant Ed Pendleton and Lou and Al

25 Pendleton continued to re-affirm the misrepresented facts until in or about the start

26 of the trial in December, 2011. Therefore, Plaintiff could not have earlier

27 discovered the concealed facts.

28

81.   Had PLAINTIFF known the suppressed facts, PLAINTIFF would not have invested the money with Defendant.

82.   PLAINTIFF is informed and believes and on that basis alleges that without knowledge of the suppressed facts, and in reliance on Defendant's continuous statements to PLAINTIFF of their successes, of their solid relationship with the operator, of their returns on previous oil exploration projects and expected returns and of the fact that they had their own personal funds in the Projects right along with PLAINTIFF'S investment, PLAINTIFF had no reason to disbelieve the representations by Defendant.

83.   As a direct and proximate result of Defendant's concealment PLAINTIFF has sustained and continues to sustain damages in that PLAINTIFF was induced to transfer the sum of $1,400,000 to Defendant, for which PLAINTIFF has received no return of principle, interest or any profit, all to PLAINTIFF'S damage in an amount to be proven at time to trial.

84.   PLAINTIFF is informed and believes and on that basis further alleges that Defendant's conduct constitutes malice, fraud and oppression as defined in Civil Code section 3294, and PLAINTIFF should recover, in addition to actual damages, exemplary and punitive damages to make an example of and to punish Defendant.

## SEVENTH CAUSE OF ACTION

### (Fraud-Suppression of Fact)

### (By Richard Cook and Mary Cook Against All Defendants)

85.   PLAINTIFFS incorporate and re-allege, all previous paragraphs as if set forth in full herein.

86.   PLAINTIFFS are informed and believe and on that basis allege that in or about March, 2005 and continuing, Defendants concealed and suppressed the following facts from PLAINTIFFS RICHARD COOK and MARY COOK:

a.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not have experience in the oil and gas industry, and did not have experience in the drilling and completion of oil and gas wells located in central Oklahoma.

b.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not own any transferrable interest in the oil exploration projects ("Project") and in fact were contractually prohibited from transferring any of their interest in the Project(s).

c.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not have any prior relationship with the Project operator.

d.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not have any of their personal monies invested in the Projects for which they solicited investment from PLAINTIFF.

e.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not own, nor did they pay for the seismic studies that they subsequently cost billed PLAINTIFF for, nor did they have the means and resources necessary to interpret these seismic studies and to provide the geological and geophysical analysis that they subsequently cost billed PLAINTIFF for.

f.      That Ed Pendleton, Lou Pendleton and Al Pendleton did not have the financial resources or administrative capability to competently manage the PLAINTIFF's investment in the Project.

87.    PLAINTIFFS are informed and believe and on that basis allege that these concealments and suppressions of fact herein alleged to have been made by Defendants were made with the intent to induce PLAINTIFFS to invest the sum of $1,300,000 into the Project(s).

88.    PLAINTIFFS are informed and believe and on that basis allege that PLAINTIFFS, at the time of these suppressions and concealment of fact, were ignorant of the suppressed facts. PLAINTIFFS did not learn the concealed facts until in or about December 2011 and continuing into January 2013 through the trial

1   testimony and other communications and court rulings in connection with a case

2   entitled Bays Exploration, Inc. vs. Pensa, Inc. in the United States District Court for

3   the Western District of Oklahoma.  Defendant Ed Pendleton and Lou and Al

4   Pendleton continued to re-affirm the misrepresented facts until in or about the start

5   of the trial in December, 2011. Therefore, PLAINTIFFS could not have earlier

6   discovered the concealed facts.

7        89.    Had PLAINTIFFS known the suppressed facts, PLAINTIFFS would

8   not have invested the money with Defendants.

9        90.    PLAINTIFFS are informed and believe and on that basis allege that

10  without knowledge of the suppressed facts, and in reliance on Defendants'

11  continuous statements to PLAINTIFFS of their successes, of their solid relationship

12  with the operator, of their returns on previous oil exploration projects and expected

13  returns and of the fact that they had their own personal funds in the Projects right

14  along with PLAINTIFFS' investment, PLAINTIFFS had no reason to disbelieve

15  the representations by Defendants.

16       91.    As a direct and proximate result of Defendants' concealment

17  PLAINTIFFS have sustained and continues to sustain damages in that

18  PLAINTIFFS were induced to transfer the sum of $1,300,000 to Defendants, for

19  which PLAINTIFFS have received no return of principle, interest or any profit, all

20  to PLAINTIFFS' damage in an amount to be proven at time to trial.

21       92.    PLAINTIFFS are informed and believe and on that basis further allege

22  that Defendants' conduct constitutes malice, fraud and oppression as defined in

23  Civil Code section 3294, and PLAINTIFFS should recover, in addition to actual

24  damages, exemplary and punitive damages to make an example of and to punish

25  Defendants.

26  //

27  //

28  //

## EIGHTH CAUSE OF ACTION

### (Financial Elder Abuse)

### (By James K. Lust Against Defendant Ed Pendleton Only)

93.    PLAINTIFF incorporates and re-alleges, all previous paragraphs as if set forth in full herein.

94.    PLAINTIFF is informed and believes and on that basis alleges that at all relevant times, PLAINTIFF JAMES K. LUST was an elder as defined in California Welfare and Institutions Code §15610.27.

95.    PLAINTIFF is informed and believes and on that basis alleges that California Welfare and Institutions Code §15610.30 provides that Financial Elder Abuse occurs when a person or entity does any of the following:

"(1) takes, secrets, appropriates, obtains or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both."

96.    PLAINTIFF is informed and believes and on that basis alleges that Defendant obtained and retained the sum of $1,930,000 from PLAINTIFF JAMES K. LUST based on the intentional misrepresentations set forth in this Complaint, and based on suppression of facts as set forth in this Complaint.

97.    PLAINTIFF is informed and believes and on that basis alleges that Defendant obtained and retained these monies from PLAINTIFF for wrongful use and/or with the intent to defraud PLAINTIFF.

98.    PLAINTIFF is informed and believes and on that basis alleges that Defendant's conduct constitutes financial abuse under Welfare & Institutions Code § 15657.5 as defined in Welfare & Institutions Code § 15610.30.

99.     PLAINTIFF is informed and believes and on that basis alleges that Defendant is guilty of malice, oppression, fraud and recklessness in the commission of the above described abuse.

100.     PLAINTIFF is informed and believes and on that basis alleges that under Welfare & Institutions Code §§ 15657(a) and/or 156757.5(a), Defendant is liable to PLAINTIFF for reasonable attorney's fees and costs.

101.     PLAINTIFF is informed and believes and on that basis alleges that under Civil Code § 3294, Defendant is liable for punitive damages to PLAINTIFF, as Defendant's conduct was malicious, reckless and/or despicable conduct, which demonstrated a willful and conscious disregard of the rights and safety of others.

**NINTH CAUSE OF ACTION**

**(Breach of Fiduciary Duty)**

**(By Plaintiffs Hughes and Cooks Against All Defendants and**

**By Plaintiffs Lust and Stewart Against Defendant Ed Pendleton Only)**

102.     PLAINTIFFS incorporate and re-allege, all previous paragraphs as if set forth in full herein.

103.     PLAINTIFFS are not sophisticated oil and gas investors and had little, if any, experience in the oil and gas industry prior to being solicited by the Defendants to invest in the oil and gas prospects at issue.

104.     PLAINTIFFS are informed and believe and on that basis allege that Ed Pendleton told each PLAINTIFF at different times that he had considerable experience in oil and gas exploration and development, including the drilling, completion and operation of oil and gas wells

105.     PLAINTIFFS are informed and believe and on that basis allege that the Defendants explained to each PLAINTIFF that it was typical for those parties interested in exploring a particular area or tract of land to enter into contract known as a Joint Operating Agreement ("JOA") under which the oil and gas lease owners and parties responsible for the cost of the well ("working interest owner") would

1    drill and develop the oil and gas well (or oil and gas field), and that the JOA would

2    identify a party known as an Operator, who would be responsible for the actual

3    drilling, completing and producing an oil and gas well or oil wells under the JOA.

4         106.   The Defendant advised each of the PLAINTIFFS that it was a common

5    practice within the oil and gas industry for an unsophisticated investor, like

6    PLAINTIFFS, to purchase an "equitable working interest" in an oil and gas well.

7    Under this type of investment vehicle, the investor would designate an oil and gas

8    industry member ("Designated Partner") to hold the legal title for the benefit of the

9    investor's equitable working interest, and who would also be the party to the JOA

10   to whom the Operator would issue drilling and completion reports, proposed

11   operations, Authority for Expenditures ("AFEs"), Joint Interest Billings ("JIBs")

12   and other sophisticated information unique to the operations of an oil and gas well.

13        107.   The Defendant represented to each PLAINTIFF that such an equitable

14   working interest was the safest investment vehicle for a non-sophisticated oil and

15   gas well investor because the Designated Partner would also be responsible for

16   providing the expertise required to make an informed decisions for  proposed

17   operations or provide expert analysis of information provided by the Operator and

18   that the PLAINTIFF investor would be entitled to make a proposed operation

19   election that effected the Plaintiff investor's equitable interest and that such an

20   election would not be impacted by any other elections made by either the

21   Designated Partner or another equitable working interest owner.

22        108.   It was under these circumstances, and in reliance on the Defendants'

23   representations, that each PLAINTIFF accepted the Defendants' recommendations

24   to designate Ed Pendleton, Lou Pendleton and/or Al Pendleton as the Designated

25   Partner for each PLAINITFF'S investment in one or more of the oil and gas wells

26   operated by Bays Exploration in Oklahoma. The PLAINITFFS' acceptance of the

27   Defendants' recommendations that Ed Pendleton, Lou Pendleton and/or Al

28   Pendleton be the Designated Partner created a trustee type relationship that imposed

fiduciary like responsibilities on the Defendants to:

        (i)    provide each PLAINTIFF with expert analysis and recommendations regarding operations proposed under a JOA governing a well in which a PLAINTIFF invested and similar services for any AFE issued by the Operator in conjunction with such a proposed operation;

        (ii)    properly account to each PLAINTIFF for charges, costs, and revenues for each well in which a PLAINTIFF participated;

        (iii)    properly and timely advise each PLAINTIFF of the status of a well in which a PLAINTIFF participated;

        (iv)    advise each PLAINTIFF if the Designated Partner was and/or became financially unable to satisfy the Designated Partner's financial obligations under a JOA for a well in which a PLAINTIFF invested;

        (v)    take any action that may be necessary to properly and timely communicate any elections made by the Plaintiffs to the Operator;

        (vi)    to take any action that may be necessary to properly and timely remit payments by a Plaintiff to the Operator to fund the operation in which the Plaintiff has elected to participate; and

        (vii)    properly advise each PLAINTIFF of what steps and/or rights the Designated Partner might take to protect the PLAINTIFF's beneficiary interest in a well in which a PLAINTIFF participated.

        109.   A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit of the other party. Such relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation to the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent. *Wolf v. Superior Court* (2003) 107 Cal.App.4th 25, 29.

110.   PLAINTIFFS are informed and believe and on that basis allege that Defendants, and each of them, owed a fiduciary duty to PLAINTIFFS, and each of them.

111.   PLAINTIFFS are informed and believe and on that basis allege that Defendants, and each of them, breached the fiduciary duty to PLAINTIFFS as follows:

      a.   Making the intentional misrepresentations as alleged in this Complaint;

      b.   Concealing true facts from PLAINTIFFS as alleged in this Complaint;

      c.   Converting and misappropriating PLAINTIFFS' monies as alleged in this Complaint.

112.   PLAINTIFF is informed and believes and on that basis alleges that PLAINTIFFS, and each of them have been damaged as a result of Defendants' breach of fiduciary duty.

113.   Defendants' conduct was a substantial factor in causing PLAINTIFFS' damages.

## **PRAYER**

WHEREFORE, PLAINTIFFS pray for judgment for each violation alleged in this complaint against Defendants, and each of them, as follows:

**AS TO THE FIRST CAUSE OF ACTION**:

1.   For general damages in the sum of $650,000;

2.   For prejudgment interest on the sum of $650,000 from and after April 15, 2005;

3.   For exemplary and punitive damages according to proof at trial;

**AS TO THE SECOND CAUSE OF ACTION**:

4.   For general damages in the sum of $1,930,000;

5.     For prejudgment interest on the sum of $1,930,000 from and after April 15, 2005;

6.     For exemplary and punitive damages according to proof at trial;

**AS TO THE THIRD CAUSE OF ACTION**:

7.     For general damages in the sum of $1,300,000;

8.     For prejudgment interest on the sum of $1,300,000 from and after April 15, 2005;

9.     For exemplary and punitive damages according to proof at trial;

**AS TO THE FOURTH CAUSE OF ACTION**:

10.    For general damages in the sum of $650,000;

11.    For prejudgment interest on the sum of $650,000 from and after April 15, 2005;

12.    For exemplary and punitive damages according to proof at trial;

**AS TO THE FIFTH CAUSE OF ACTION**:

13.    For general damages in the sum of $1,930,000;

14.    For prejudgment interest on the sum of $1,930,000 from and after April 15, 2005;

15.    For exemplary and punitive damages according to proof at trial.

**AS TO THE SIXTH CAUSE OF ACTION**:

16.    For general damages in the sum of $1,400,000;

17.    For prejudgment interest on the sum of $1,400,000 from and after April 15, 2005;

18.    For exemplary and punitive damages according to proof at trial

**AS TO THE SEVENTH CAUSE OF ACTION**:

19.    For general damages in the sum of $1,300,000;

20.    For prejudgment interest on the sum of $1,300,000 from and after April 15, 2005;

21.    For exemplary and punitive damages according to proof at trial.

**AS TO THE EIGHTH CAUSE OF ACTION**:

     22.    For compensatory damages according to proof at trial;

     23.    For double damages pursuant to Probate Code § 859;

     24.    For reasonable attorney's fees and costs under Welfare & Institutions Code §§ 15657(a) and/or 156757.5(a);

     25.    For punitive damages under Civil Code § 3294;

**AS TO THE NINTH CAUSE OF ACTION**:

     26.    For compensatory damages according to proof at trial;

     27.    For punitive damages under Civil Code § 3294;

**AS TO ALL CAUSES OF ACTION:**

     28.    For costs of suit incurred herein;

     29.    For prejudgment interest according to proof; and

     30.    For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:    November *27*, 2013     ARCHER NORRIS

Matthew T. Ward
Attorneys for Plaintiffs
RICHARD M. HUGHES, JAMES K.
LUST, JAMES V. STEWART,
RICHARD M. COOK, MARY D. COOK

## CERTIFICATE OF SERVICE

I, Patricia Tonti-Mace, declare:

I am a citizen of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 4695 MacArthur Court, Suite 350, Newport Beach, California  92660-8816.  On November 27, 2013, I served a copy of the within document(s):

### FIRST AMENDED COMPLAINT FOR DAMAGES

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed UPS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a UPS agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒     by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Squire Sanders (US) LLP
Gabriel Colwell
555 S. Flower Street, Suite 3100
Los Angeles, CA 90071
Phone: 213.624.2500
Fax: 213.623.4581
Email:
gabriel.colwell@squiresanders.com

*Attorneys for Defendants*
ED and BEVERLY
PENDLETON

H0301001/1707695-1

1

*Case No. ED-CV-01605-JGB-SPX*
PROOF OF SERVICE

1        I am readily familiar with the firm's practice of collection and processing

2    correspondence for mailing.  Under that practice it would be deposited with the

3    U.S. Postal Service on that same day with postage thereon fully prepaid in the

4    ordinary course of business.  I am aware that on motion of the party served, service

5    is presumed invalid if postal cancellation date or postage meter date is more than

6    one day after date of deposit for mailing in affidavit.

7        I declare that I am employed in the office of a member of the bar of this court

8    at whose direction the service was made.

9        Executed on November 27, 2013, at Newport Beach, California.

10

11

12                                      Patricia Tonti-Mace